UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: _____

ASTROLABE, INC.
          Plaintiff,

v.

ESOTERIC TECHNOLOGIES PYT, LTD.,
GRAHAM DAWSON and STEPHANIE
JOHNSON,
          Defendants.

01 - 11352MLW

## DEFENDANTS ESOTERIC TECHNOLOGIES PYT, LTD., GRAHAM DAWSON AND STEPHANIE JOHNSON'S NOTICE OF REMOVAL

Without waiving any defenses, and expressly reserving the right to contest the exercise of personal jurisdiction over them, the defendants, Esoteric Technologies Pyt, Ltd., Graham Dawson and Stephanie Johnson, hereby remove this action from the Barnstable County Superior Court to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1332(a)(2), 1441(a), and 1446(a).   As grounds for the removal of this action, the defendants state as follows:

1.       The plaintiff, Astrolabe, Inc., commenced a civil action in the Barnstable County Superior Court on or about July 26, 2001, captioned *Astrolabe, Inc. v. Esoteric Technologies PYT, Ltd., Graham Dawson and Stephanie Johnson*, Barnstable Superior Court Civil Action No. 01-478.

2.       Notice that the summons and complaint had been filed was received by the Defendants' counsel no earlier than July 26, 2001.

ID # 253766v01/13004-2
8/2/2001

3.      The plaintiff's complaint seeks the following relief: (1) declaratory judgment that a distributorship contract (the "contract") between the plaintiff and the defendant Esoteric is still in full force and effect; (2) an order enjoining Esoteric from unilaterally terminating the contract; (3) indemnification from Esoteric in connection with the plaintiff's legal costs and fees incurred in this matter; (4) an award of damages for Esoteric's alleged breach of the contract, the individual defendants' alleged intentional interference with contractual relations, and all defendants' purported violations of M.G.L. Chapter 93A.

4.      The plaintiff claims that if the contract is terminated, it will suffer lost revenues in excess of $500,000 per year. (Complaint, ¶ 18). The plaintiff claims that it pays Esoteric about $9,000 per month and $108,000 per year in royalties. (Complaint, ¶ 19). The plaintiff seeks an order to the effect that it need not pay Esoteric these royalties during the pendency of this action. (Complaint ¶¶ 62-64). Accordingly, the face of the complaint also makes clear that over $100,000 per year in payments due to Esoteric also are at issue. The matter in controversy therefore exceeds the sum or value of $75,000.

5.      This Court has subject matter jurisdiction over this controversy, pursuant to 28 U.S.C. §1332(a)(2).

6.      The plaintiff is a Massachusetts corporation.

7.      The defendant, Esoteric Technologies, PTY, Ltd., is an Australian business entity, with a principal place of business in Magill, Australia. The individual defendants, Graham Dawson and Stephanie Johnson, are residents and citizens of Australia. The individual

2

defendants deny this Court (or the Barnstable Superior Court) may exercise personal jurisdiction over them.    Nonetheless, they also seek removal of the claims against them.

Attached hereto as Exhibit A, pursuant to 28 U.S.C., §1446(a), are copies of the all process, pleadings and orders, which were served on the defendants in this matter.

Respectfully submitted,

ESOTERIC TECHNOLOGIES PYT, LTD.,
GRAHAM DAWSON and STEPHANIE JOHNSON

By their attorneys,

Dustin F. Hecker BBO # 549171
Katherine L. Kenney BBO # 637204
POSTERNAK, BLANKSTEIN & LUND, LLP
100 Charles River Plaza
Boston, MA  02114
(617) 973-6226

Dated: August  2, 2001

3

## CERTIFICATE OF SERVICE

I, Katherine L. Kenney, certify that I served a copy of the within Notice of Removal on August 2, 2001, by mailing a copy via Federal Express to Julie Court Molloy, 379 Route 6A, East Sandwich, MA 02537.

*Katherine L. Kenney*
Katherine L. Kenney

4

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF —
OTHER

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT

NO. 01-478

ASTROLABE, INC.

VS.

ESOTERIC TECHNOLOGIES PTY., LTD.,
GRAHAM DAWSON and STEPHANIE JOHNSON

## SUMMONS AND RESTRAINING ORDER

To the above-named defendants :

You are hereby summoned and required to serve upon .Julie C. Molloy, Esq.
plaintiff's attorney, whose address is .379 Route 6A, East Sandwich, MA  02537
.................................., an answer to the complaint which is herewith served upon you, within 20 days
after service of this summons upon you, exclusive of the day of service. If you fail to do so, judg-
ment by default will be taken against you for the relief demanded in the complaint. You are also re-
quired to file your answer to the complaint in the office of the *Clerk of this Court at Barnstable
either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in
any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the com-
plaint, for a preliminary injunction and that a hearing upon such application will be held at the
Courthouse at ..Barnstable.............................. in the County of ..Barnstable.........................,
in the first session without jury of our said Court on Thursday............... the .second...... ......
day of .August................., A. D. 19.2001. at ...2:00........... o'clock X.'M., at which you
may appear and show cause why such application should not be granted.

In the meantime, until such hearing, WE COMMAND YOU,  Esoteric Technologies
Pty., Graham Dawson and Stephanie Johnson,

and your agents, attorneys, and counsellors, and each and every one of them are to desist and refrain from
enjoined from; (a) taking any action to impair or diminish plaintiff's
contractual rights to an exclusive world-wide territory (excepting
Australia and New Zealand) for the publication, marketing, sale and
distibution of the software program "Solar Fire"; (b) from permitting
or allowing the sale or distribution of the software program "Solar
Fire" by any person(s) other than the plaintiff, except in Australia
and New Zealand, and to the extent that it has already done so in
violation of the parties 1993 contract, order to defendants to
terminate all such rights to other person(s); (c) from selling or
authorizing distribution of any astrological software products other
than "Solar Fire" without first producing evidence that the plaintiff's
were offered a right of first refusal; (d) enjoin defendants Dawson and
Johnson from interring with plaintiff's contractual relationship with defendant, Esoteric

Witness Suzanne V. Del Vecchio, Esquire at Barnstable, the
twenty-sixth day of July two-thousand and one.

X /s/ _____

——Clerk Magistrate

NOTE: When more than one defendant is involved, the names of all defendants shall appear in the
caption. If a separate summons is used for each defendant, each should be addressed to the
particular defendant.

*NOTICE TO DEFENDANT

You need not appear personally in Court to answer the complaint but if you claim to have

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                     SUPERIOR COURT DEPT.
                                                    OF THE TRIAL COURT
                                                    C.A. NO.

```
_____
                                    )
ASTROLABE, INC.,                    )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )
                                    )
ESOTERIC TECHNOLOGIES PTY, LTD.,    )
GRAHAM DAWSON and                   )
STEPHANIE JOHNSON,                  )
                                    )
         Defendants.                )
_____    )
```

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF,
INDEMNITY and DAMAGES FOR BREACH OF CONTRACT, UNFAIR AND
DECEPTIVE BUSINESS PRACTICES in VIOLATION of CHAPTER 93A of the
GENERAL LAWS OF THE COMMONWEALTH, and TORTIOUS
INTERFERENCE WITH PLAINTIFF'S CONTRACTUAL RELATIONS,
AND DEMAND FOR JURY TRIAL

I.    Introduction:

        This is an action for declaratory judgment, pursuant to which plaintiff

seeks that this Court declare that the contract between the parties, executed

May 31, 1993, is still in full force and effect, and to enjoin the defendants from

unilaterally terminating the same, as they have wrongfully and unlawfully sought

to do.  Plaintiff also seeks indemnification from defendants, as provided for in the

contract between the parties, in connection with its legal fees and costs incurred

in this matter, which are solely due to and a direct consequence of defendants'

unlawful attempt to impair and/or diminish plaintiff's contractual rights as the

1

exclusive, nearly world-wide publisher of defendants' software product, "Solar Fire." Finally, plaintiff seeks an award of damages in its favor, and against defendants, for:

(a) Failing and refusing to offer plaintiff a right of first refusal in connection with software products other than "Solar Fire", as called for in the contract;

(b) Intentionally distributing "Solar Fire" to another competitor of plaintiff's in the United States, and, upon information and belief, elsewhere in the world in plaintiff's exclusive territory;

(c) Unfair and deceptive business practices, entitling plaintiff to an award of multiple damages; and

(d) As against the individual defendants, Graham Dawson and Stephanie Johnson, for deliberately interfering with plaintiff's contract with the defendant Esoteric Technologies Pty, Ltd.

II.   Parties:

1.   Plaintiff, Astrolabe, Inc. ["Astrolabe"], is a Massachusetts domestic corporation, duly authorized and organized since August 24, 1987, to engage in commerce in the Commonwealth of Massachusetts in the field of, *inter alia*, development, manufacture, publication, publishing, sale, and distribution of astrologically related software products, with a principal place of business at 350 Underpass Road, Town of Brewster, Barnstable County, Commonwealth of Massachusetts.

2.   Defendant, Esoteric Technologies Pty, Ltd. ["Esoteric"], is an Australian business entity, not authorized to do business within the Commonwealth of Massachusetts as required by law, with a principal place of business in Magill, Australia.

2

3.     Defendant Graham Dawson, upon information and belief is one of two partners of the defendant Esoteric, and is a resident and citizen of Australia.

4.     Defendant Stephanie Johnson, upon information and belief is one of two partners of the defendant Esoteric, and is a resident and citizen of Australia.

III.   <u>Long-Arm Jurisdiction</u>:

5.     In or about the Spring of 1992, Astrolabe received an inquiry from the defendants, regarding a possible business relationship between Astrolabe and Esoteric, whereby Astrolabe would publish, market, sell and distribute an astrological software product, known as "Solar Fire."

6.     At that time, plaintiff had been operating an astrological software development, publication, manufacture, sales and distribution, under the AGS, the predecessor corporation to Astrolabe, since the late 1970s, and was the premier company in its field.

7.     Further discussions ensued in the Fall of 1992, and culminated in a visit by Esoteric, in the person of Graham Dawson ["Dawson"], to Astrolabe's headquarters in Brewster, Massachusetts in or around February 1993.

8.     Dawson brought with him on this visit version 1 of "Solar Fire" and a nearly complete version 2 of the same, and demonstrated the same to Astrolabe, in order to induce Astrolabe to enter into a contract with Esoteric for the manufacture, publication, marketing, sales and distribution of the same.

9.     Negotiations ensued between Astrolabe and Esoteric from February 1993 through May 1993, resulting in the drafting and redrafting of a

3

contract between the parties, which was finalized and executed on or about May

31, 2001. (*See* Exhibit A, "*Agreement*," attached).

10.     In the contract, plaintiff Astrolabe is termed "Publisher," defendant

Esoteric is termed "Author," and the software program, "Solar Fire" is termed "the

Work." (*See* Exhibit A).

11.     The pertinent terms of the contract state:

The Author hereby grants and assigns to the Publisher the following ***exclusive rights in the Work*** during the term or terms of copyright and all renewals and extensions thereof, and the Publisher shall pay to the Author royalties, as follows, during the term or terms such rights are protected by copyright.   The Publisher recognises the rights of the Author in all respects.  The Author recognises the rights that it has granted to the Publisher in all respects.

(A)     To use their best efforts to publish and market the Work in the form of a computer-generated software program throughout the world, except Australia..., in original and future versions; the royalty being on the individual sales thereof, sold everywhere, to be paid according to the following schedule, with the following provisions and exclusions:

(1) The Publisher will pay to the Author twenty-five (25%) of the net invoice amount actually received by the Publisher for each sale of the Work.  In the case of a computer-generated software program, the Publisher retains the right to use output from said program without paying any current or future royalties derived from the sale of such output.

(2)     The Author is granted full rights to exclusive sales of the Work in the country of Australia.

(3)     The Author may purchase other computer software programs owned by the Publisher at a discount of 50% from the list price.

4

(4)   Publication of the Work shall be *at Publisher's sole expense* and in such style and manner, and at such prices that are deemed suitable by the Publisher.. . .

(4)   The Author grants to the *Publisher the right, in the Publisher's sole discretion, to include or omit reference to the Author in connection with advertising the Work and exploitation of any rights or grants hereunder in the Work*; . . .

. . . .

(13)   The *Author grants to the Publisher the right of first refusal on any future Works dealing with astrological computer software programs*, outline of which the Author will submit.

(*See* Exhibit A, ¶2. (*emphasis added*))

12.   Since May of 1993, plaintiff Astrolabe has undertaken the manufacture, publication, sales, marketing, and distribution of "Solar Fire", beginning with version 2 and now in version 5, as supplied to it by Esoteric, throughout the world, solely in and from its headquarters in Brewster, Massachusetts.

13.   On various dates since 1993, both the individual defendants, Dawson and Johnson, have traveled to Massachusetts for the purpose of further transacting business with plaintiff, Astrolabe.

14.   In or about June 2001, defendant Esoteric sought to terminate plaintiff Astrolabe's exclusive contract.

15.     Accordingly, defendant Esoteric has "transacted business in the Commonwealth", as that term is defined in the Massachusetts Long-Arm statute, G.L. c. 223A, §3, and this action arises out of and relates to that transaction of business in the Commonwealth by the defendant Esoteric, which activities render defendants subject to personal jurisdiction of the court of the Commonwealth.

III.    Facts:

16.     Prior to entering into the contract with defendant Esoteric on May 31, 1993, plaintiff Astrolabe had published and distributed its own software product, which provided substantially similar services to those provided by "Solar Fire", albeit not in a "Windows" format, and instead in "DOS." Indeed, many of the features and services contained in "Solar Fire", both in Version 2 and subsequent upgrades up to and including the current Version 5, contains design elements derived from Astrolabe's original and ongoing astrological expertise.

17.     After execution of the contract, Astrolabe gradually phased out and ultimately terminated its publication and distribution of its own DOS-software product, as Windows became more prevalent in the marketplace for computer operations.

18.     Since 1993, Astrolabe has earned gross revenues in amounts varying from $450,000 to $680,000, of which, today, in 2001, some eighty (80%) percent are attributable to sales of "Solar Fire".

19.     Astrolabe typically pays royalties in an amount of approximately

6

$9,000.00 per month to Esoteric.

20.    The contract between the parties granted to Astrolabe exclusive rights to publish, sell and distribute the software, Solar Fire, during the life of the copyright, and Astrolabe has taken appropriate steps to do so.  The contract contains no termination date, and is renewable at Astrolabe's option.

21.    Astrolabe has fulfilled its obligations under the contract, and is entitled to remain the exclusive publisher and distributor of "Solar Fire," outside of Australia and New Zealand.

22.    Additionally, Astrolabe was granted a right of first refusal by Esoteric in any other software products it developed, however, Esoteric has failed and refused to provide Esoteric with such rights of first refusal, in violation and breach of the contract terms.

24.    In or about June 2001, Esoteric decided, without justifiable legal cause, to unilaterally seek to terminate its contract with Astrolabe, and seeks, in its stead, to force Astrolabe to enter into a world-wide, non-exclusive license to distribute Esoteric software, including but not limited to "Solar Fire".  Further, upon information and belief, Esoteric has sold its software to others for publication and distribution in violation and breach of the Astrolabe-Esoteric exclusive contract, resulting in damages to Astrolabe, including lost revenues, profit and market-share.

25.    Astrolabe is a small Massachusetts corporation, with nine (9) employees.

26.    Esoteric has no justifiable legal grounds to terminate the parties'

7

contract.

27.    In connection with defendants' purported "termination" of the contract, defendants have demanded, without equivocation, that plaintiff execute a non-exclusive license agreement, in place of the exclusive publication, sales and distribution agreement.

28.    The contract provides that it shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

### COUNT I -- Breach of Contract by Esoteric

*Declaratory Judgment*

29.    Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 28, and further states as follows:

30.    Defendant Esoteric has an obligation and duty, as set forth in the parties' contract, to allow plaintiff Astrolabe to continue to be the exclusive publisher, marketer, seller, and distributor of "Solar Fire."

31.    Defendant Esoteric's purported "termination" of the contract is without any justifiable legal or factual grounds, and constitutes a breach of contract.

32.    Defendant Esoteric's true purpose in attempting to "terminate" the contract is to install in its place a contract more favorable to defendant Esoteric, and less favorable to plaintiff Astrolabe, by only allowing it a   non-exclusive worldwide "license", as opposed to exclusive the grant of ownership of copyright in "Solar Fire" and publication, sales and distribution of this software product.

8

WHEREFORE, plaintiff Astrolabe requests that this Court issue a declaratory judgment, determining the rights of the parties in the contract, and further requests that this Court enter judgment in plaintiff's favor, declaring that plaintiff has exclusive worldwide (except Australia and New Zealand) rights to publish, market, sell and distribute the software "Solar Fire," versions 2 through 5.

<u>COUNT II– Breach of Contract by Esoteric</u>

*Injunctive Relief*

33.  Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 33, and further states as follows:

34.  Defendant Esoteric has an obligation and duty, as set forth in the parties' contract, to allow plaintiff Astrolabe to continue to be the exclusive publisher, marketer, seller, and distributor of "Solar Fire."

35.  Defendant Esoteric's purported "termination" of the contract is without any justifiable legal or factual grounds, and constitutes a breach of contract.

36.  Defendant Esoteric's true purpose in attempting to "terminate" the contract is to install in its place a contract more favorable to defendant Esoteric, and less favorable to plaintiff Astrolabe, by only allowing it a non-exclusive worldwide "license", as opposed to exclusive the grant of ownership of copyright in "Solar Fire" and publication, sales and distribution of this software product.

37.  Plaintiff Astrolabe has published, marketed, sold and distributed

9

the software product "Solar Fire" nearly to the exclusion of all other software programs since 1993, and will be irreparably harmed if defendant Esoteric is not enjoined from "terminating" or violating the terms of the contract which provide that plaintiff Astrolabe has exclusive world wide rights, with the exception of Australia and New Zealand, to publish, market, sell, and distribute the software product "Solar Fire", versions 2 through 5, and has a reasonable likelihood of success on the merits of its claims against defendant Esoteric.

38.    Defendant Esoteric will not be irreparably harmed by the issuance of an injunction, as it will do nothing more than maintain the *status quo* as it has existed for the past eight (8) years, since 1993.

WHEREFORE, plaintiff Astrolabe requests that this Court grant it injunctive relief, enjoining defendant Esoteric from permitting or allowing any person(s) other than plaintiff Astrolabe to publish, market, sell, or distribute the software "Solar Fire", versions 2 through 5, anywhere in the world, with the exception of Australia and New Zealand.

### COUNT III -- Breach of Contract by Esoteric

*Damages*

39.    Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 38, and further states as follows:

40.    Defendant Esoteric has an obligation and duty, as set forth in the parties' contract, to allow plaintiff Astrolabe to continue to be the exclusive publisher, marketer, seller, and distributor of "Solar Fire."

10

41.    Upon information and belief, defendant Esoteric has allowed or permitted other person(s) to publish, market, sell, and distribute the software "Solar Fire" in the plaintiff Astrolabe's exclusive world wide territory, which excludes only Australia and New Zealand.

42.    Additionally, upon information and belief, defendant Esoteric has failed and refused to honor the contractual provision which grants to plaintiff Astrolabe the right of first refusal to exclusive rights to publish, market, sell, and distribute other software programs developed by defendant Esoteric in the field of astrology.

43.    Defendant Esoteric's actions and/or omission in this regard constitute a breach of its contractual obligations and duties to plaintiff Astrolabe.

44.    As a direct and proximate cause of defendant Esoteric's breach of contract, plaintiff has suffered damages, including lost gross revenues, lost profits, and lost market share.

WHEREFORE, plaintiff Astrolabe requests that this Court award judgment in plaintiff's favor, and against defendants, together with an award of damages for lost gross revenues, lost profits and lost market share, in an amount to be determined at trial, together with interest and costs, including attorneys' fees, and such other amounts as this Court deems just and reasonable.

## COUNT IV -- Breach of Contract by Esoteric

*Unfair and Deceptive Business Practices -- G.L. c. 93A, §11*

45.    Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 44, and further

11

states as follows:

46.    Defendant Esoteric acts and/or omissions are and were deliberately and intentionally designed to coerce plaintiff Astrolabe in to executing a contract significantly less favorable to plaintiff Astrolabe, to its great detriment, and constitute an unfair and deceptive business practice in and of themselves.

47.    Defendant Esoteric's deliberate and intentional breach of contract in permitting or allowing other person(s) to publish, market, sell, and/or distribute the software "Solar Fire" within plaintiff Astrolabe's exclusive world wide territory, excepting only Australia and New Zealand, constitutes an unfair and deceptive business practice.

48.    Defendant Esoteric's deliberate and intentional breach of contract in failing and/or refusing to grant plaintiff Astrolabe an exclusive right of first refusal on other new astrological software programs within plaintiff Astrolabe's exclusive world wide territory, excepting only Australia and New Zealand, constitutes an unfair and deceptive business practice.

49.    As a direct and proximate cause of defendant Esoteric's deliberate and intentional unfair and deceptive business practices, plaintiff Astrolabe has suffered damages, in the form of lost gross revenues, lost profits and lost market share.

WHEREFORE, plaintiff Astrolabe requests that this Court enter judgment in plaintiff's favor, against defendants, together with an award of damages, and that this award of damages be trebled as provided for in the Massachusetts Fair

12

Business Practices Act, G.L. c. 93A, §3, together with an award of attorneys' fees, costs, interest, and such other amounts as this Court deems just and reasonable.

### COUNT V -- Interference with Contractual Relations by Dawson

*Damages & Injunctive Relief*

50.    Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 49, and further states:

51.    Defendant Graham Dawson has taken, or has caused to be taken, certain actions with the purpose of deliberately interfering with plaintiff Astrolabe's contract with Esoteric.

52.    Defendant Esoteric's attempted termination of the parties' contract is the result of defendant Dawson's deliberate interference with plaintiff Astrolabe's contract with defendant Esoteric.

53.    If the defendant has successfully caused this contract to be terminated, plaintiff states that it will suffer severe and irreparable harm as a result, with damages equivalent to the loss of gross revenues averaging $500,000 per year, as it has done over the past eight years, and ultimately will cause the demise of plaintiff's business.

WHEREFORE, plaintiff Astrolabe requests that this Court enter judgment in plaintiff's favor, against defendant Dawson, finding that he has intentionally interfered with plaintiff's contract with defendant Esoteric, enjoining defendant Dawson from taking any further such action to interfere with plaintiff's contract

13

with defendant Esoteric, and awarding plaintiff damages in an amount to be determined at trial for the lost gross revenues, lost profit and market share suffered by plaintiff Astrolabe as a consequence of defendant Dawson causing Esoteric to permit or allow other person(s) to publish, market, sell, and/or distribute the software "Solar Fire" within plaintiff's exclusive world wide territory, except Australia and New Zealand, and as a consequence of defendant Dawson causing defendant Esoteric to breach its contractual obligation to grant plaintiff a right of first refusal for world wide exclusive rights in other astrological software programs, together with an award of attorneys' fees, costs, interest, and such other amounts as this Court deems just and reasonable.

COUNT VI -- Interference with Contractual Relations by Johnson

*Damages & Injunctive Relief*

54.     Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 53, and further states:

55.     Defendant Stephanie Johnson has taken, or has caused to be taken, certain actions with the purpose of deliberately interfering with plaintiff Astrolabe's contract with Esoteric.

56.     Defendant Esoteric's attempted termination of the parties' contract is the result of defendant Johnson's deliberate interference with plaintiff Astrolabe's contract with defendant Esoteric.

57.     If the defendant has successfully caused this contract to be terminated, plaintiff states that it will suffer severe and irreparable harm as a

14

result, with damages equivalent to the loss of gross revenues averaging $500,000 per year, as it has done over the past eight years, and ultimately will cause the demise of plaintiff's business.

WHEREFORE, plaintiff Astrolabe requests that this Court enter judgment in plaintiff's favor, against defendant Johnson, finding that she has intentionally interfered with plaintiff's contract with defendant Esoteric, enjoining defendant Johnson from taking any further such action to interfere with plaintiff's contract with defendant Esoteric, and awarding plaintiff damages in an amount to be determined at trial for the lost gross revenues, lost profit and market share suffered by plaintiff Astrolabe as a consequence of defendant Johnson causing Esoteric to permit or allow other person(s) to publish, market, sell, and/or distribute the software "Solar Fire" within plaintiff's exclusive world wide territory, except Australia and New Zealand, and as a consequence of defendant Johnson causing defendant Esoteric to breach its contractual obligation to grant plaintiff a right of first refusal for world wide exclusive rights in other astrological software programs, together with an award of attorneys' fees, costs, interest, and such other amounts as this Court deems just and reasonable.

COUNT VII -- Indemnity & Escrow of Royalty Payments

*Declaratory Judgment*

59.    Plaintiff repeats and incorporates herein by reference as if fully set forth herein the facts set forth above in paragraphs 1 through 58, and further states:

60.    In the contract between plaintiff Astrolabe and defendant Esoteric,

15

defendant Esoteric covenanted, warranted and represented that, *inter alia,*

> the Author [Esoteric] has not in any manner disposed of any of the rights herein granted to the Publisher [Astrolabe] or granted any rights adverse to or inconsistent therewith; nor are there any rights outstanding which would diminish, encumber, or impair the full enjoyment or exercise of the rights herein granted the Publisher [Astrolabe]....

> The Author [Esoteric] agrees to hold harmless and indemnify the Publisher [Astrolabe] against any claim, suit, action, proceeding, recovery, or expense of any nature arising from or based upon any breach or alleged breach of the covenants, warranties, or representations contained in [the preceding paragraph], or elsewhere in the agreement.

> (*See* Exhibit A, ¶7(A) and (B)).

61.   These covenants, wararnties and representations made by the defendant Esoteric were and are in the form of ongoing, continuos covenants, warranties, and representations.

62.   Defendant Esoteric's very actions in seeking to terminate the parties' contract, and in breaching plaintiff's exclusive worldwide (except Australia and New Zealand) right to publish, market, sell, and distribute the software "Solar Fire" and in offering plaintiff a right of first refusal for exclusive world wide rights to other astrological software by defendant constitute a breach of these ongoing covenants, warranties and representations.

63.   As a consequence, the palintiff is entitled to escrow any and all royalty payments otherwise due to the defendant, pending resolution of this action.

64.   Furthermore, plaintiff is entitled to be indemnified and held

harmless by the defendant for any and all costs incurred in connection with bringing this action to defend its rights under the contract, inlcuding but not limited to attorneys' fees and costs.

WHEREFORE, plaintiff seeks a declaratory judgment by this Court, declaring that defendant's breaches of contract and .efforts to terminate the contract constitute a breach of the ongoing covenants, warranties and representations made by defendant to plaintiff, warranting the withholding of furher royalty payments by plaintiff to defendant, pending resolution of this matter, and further permitting the plaintiff to pay all legal fees and costs incurred in thsi action from said withheld royalties, and, upon conclusion of this action, permitting plaintiff to deduct from any such accried royalties any and all damages awarded to plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Plaintiff,

ASTROLABE, INC.

by its attorney,

Julie C. Molloy      BBO#555176
379 Route 6A
East Sandwich MA 02537
Tel: (508) 833-3707
Fax:(508) 833-3711

Dated:July 26, 2001

17

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                          SUPERIOR COURT DEPT.
                                         OF THE TRIAL COURT
                                         C.A. NO. 01-478

_____
                                    )
ASTROLABE, INC.,                    )
                                    )
          Plaintiff,                )
                                    )          SUPERIOR COURT
                                    )           BARNSTABLE SS
     v.                             )
                                    )      FILED   JUL 2 6 2001
ESOTERIC TECHNOLOGIES PTY, LTD.,    )
GRAHAM DAWSON and                   )      _____ Clerk
STEPHANIE JOHNSON,                  )
                                    )
          Defendants.               )
_____    )

PLAINTIFF'S MOTION FOR SHORT ORDER OF NOTICE FOR HEARING ON
TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF SPECIAL
PROCESS SERVER AND FOR SERVICE OF PROCESS VIA COMMERCIAL
OVERNIGHT CARRIER SERVICE

     NOW comes the plaintiff in this action, and requests that, in the event this

Court chooses not to issue an *ex-parte* Temporary Restraining Order, this Court

issue a Short Order of Notice for hearing on this Motion during the week of July

30th, at this Court's convenience. Additionally, plaintiff requests that this Court

permit counsel to be appointed special process server, for the purpose of

serving these papers relating to the Motion for Temporary Restraining Order,

1

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
C.A. NO.

---

ASTROLABE, INC.,                        )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )
                                        )
ESOTERIC TECHNOLOGIES PTY, LTD.,        )
GRAHAM DAWSON and                       )
STEPHANIE JOHNSON,                      )
                                        )
            Defendants.                 )

---

## AFFIDAVIT OF GARY CHRISTEN IN SUPPORT OF MOTION
## FOR TEMPORARY OR PRELIMINARY INJUNCTIVE RELIEF

I, Gary Christen, being of sound mind and legal age, and having personal knowledge of the facts contained herein, under oath hereby depose and state as follows:

1.      I am the President of the plaintiff, Astrolabe, Inc., a Massachusetts corporation, with a principal place of business at 350 Underpass Road, Town of Brewster, Barnstable County, Commonwealth of Massachusetts.

2.      I have been affiliated with Astrolabe, Inc. since the 1970s, and was with the corporation at all times relevant herein.

3.      Astrolabe, Inc. ["Astrolabe"], is a publishing company specializing in astrological products and supplies, specifically including computer software programs, developed by Astrolabe, Inc. and other authors with whom contractual

1

relationships have been created since the 1970s through the present.

4.     In or about 1992, Astrolabe was approached by the defendants, and asked to publish and distribute certain software developed and being developed by the defendants.

5.     The defendants are all residents of Australia, having a usual and ordinary principal place of business located in Magill, Australia.

6.     After preliminary communications, defendant Graham Dawson, one of two principals in Esoteric Technologies Pty., Ltd. ["Esoteric"], traveled from Australia to plaintiff's place of business in Brewster, Massachusetts in or about February 1993, to demonstrate their software product, entitled "Solar Fire", which was then approaching its second version (Version 2).

7.     After this meeting, the plaintiff Astrolabe and defendant Esoteric negotiated and executed, on May 31, 1993, a publishing contract, a copy of which is attached hereto, pursuant to which Astrolabe became the exclusive (with the exception of Australia and New Zealand) world-wide publisher and distributor for "Solar Fire" on defendants' behalf, in consideration of which Astrolabe agreed to tender payment of royalties in the amount of twenty-five (25%) of sales of the product, each month.

8.     Prior to this time, Astrolabe had published and distributed its own software product, which provided substantially similar services to those provided by "Solar Fire", albeit not in a "Windows" format, and instead in "DOS". Indeed, many of the features and services contained in "Solar Fire", both in Version 2 and subsequent upgrades up to and including the current Version 5, contains

2

design elements derived from Astrolabe's original and ongoing astrological expertise.

9.     After execution of the contract, Astrolabe gradually terminated its publication and distribution of its own DOS-software product, as Windows became more prevalent in the marketplace for computer operations.

10.    Since 1993, Astrolabe has earned gross revenues in amounts varying from $450,000 to $680,000, of which today, some eighty (80%) percent of which are attributable to sales of "Solar Fire".

11.    Astrolabe typically pays royalties in an amount of approximately $9,000.00 per month to Esoteric.

12.    The contract between the parties granted to Astrolabe exclusive rights to copyright and publish the software during the life of the copyright, and Astrolabe has taken appropriate steps to do so.   The contract contains no termination date, and is renewable at Astrolabe's option.

13.    Astrolabe has fulfilled its obligations under the contract, and is entitled to remain the exclusive publisher and distributor of "Solar Fire," outside of Australia and New Zealand.

14.    Additionally, Astrolabe was granted a right of first refusal by Esoteric in any other software products it developed, however, Esoteric has failed and refused to provide Esoteric with such rights of first refusal, in violation and breach of the contract terms.

15.    In or about June 2001, Esoteric decided, without justifiable legal cause, to unilaterally seek to terminate its contract with Astrolabe, and seeks, in

its stead, to force Astrolabe to enter into a world-wide, non-exclusive license to distribute Esoteric software, including but not limited to "Solar Fire". Further, upon information and belief, Esoteric has sold its software to others for publication and distribution in violation and breach of the Astrolabe-Esoteric contract, resulting in damages and lost revenues by Astrolabe.

16.    Astrolabe is a small Massachusetts corporation, with nine (9) employees.

17.    Esoteric has no justifiable legal grounds to terminate the parties' contract, and, to the extent that it asserts Astrolabe may have breached the contract, this presents a question of fact to be determined at trial.

18.    The contract provides that it shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

19.    Defendant Esoteric deliberately came into the Commonwealth and contracted with Astrolabe, a Massachusetts corporation, for the purpose of having Astrolabe publish and distribute its software product.

20.    All such distribution and publication of Esoteric's software has taken place within and from the Commonwealth of Massachusetts.

21.    Esoteric is subject to personal jurisdiction under the laws of the Commonwealth of Massachusetts, specifically including but not limited to the Massachusetts Long-Arm statute, G.L. c. 223A, §2.

22.    Esoteric's attempted termination of the parties' contract is a breach of contract, which, unless enjoined by this Court, will cause substantial and irreparable harm to Astrolabe and its employees, who depend largely upon the

4

sale of "Solar Fire" for its revenues.

23.     Esoteric will not be irreparably harmed if this Court issues an order enjoining it from terminating its relationship with plaintiff pending resolution of this dispute.

24.     Astrolabe has a reasonable likelihood of success on the merits of its claims against Esoteric.

25.     Finally, the contract provides that Astrolabe may withhold royalties otherwise payable to Esoteric in the event of any claim, suit, demand or proceeding relating to claims of diminishment or impairment of Astrolabe's rights under the contract.   Esoteric's efforts to terminate the contract between the parties constitute action by Esoteric seeking to diminish and impair Astrolabe's rights under the contract, which event permits Astrolabe to withhold royalties otherwise due and payable to Esoteric.   Further, Esoteric has a contractual obligation to indemnify Astrolabe for all fees and costs, including attorneys' fees, incurred by Astrolabe in connection with protecting its rights under the contract, and to prevent Esoteric from impairing and diminishing Astrolabe's rights under that contract, in prosecuting this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25th DAY OF JULY 2001.

_____
Gary Christen, President
Astrolabe, Inc.

5

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
C.A. NO.

---

ASTROLABE, INC.,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )
                                          )
ESOTERIC TECHNOLOGIES PTY, LTD.,          )
GRAHAM DAWSON and                         )
STEPHANIE JOHNSON,                        )
                                          )
            Defendants.                   )

---

### AFFIDAVIT OF PATRICIA L. WHITE IN SUPPORT OF MOTION FOR TEMPORARY OR PRELIMINARY INJUNCTIVE RELIEF

I, Patricia L. White, being of sound mind and legal age, and having personal knowledge of the facts contained herein, under oath hereby depose and state as follows:

1. I am the Vice President of the plaintiff, Astrolabe, Inc., a Massachusetts corporation, with a principal place of business at 350 Underpass Road, Town of Brewster, Barnstable County, Commonwealth of Massachusetts.

2. I have been affiliated with Astrolabe, Inc. since the 1970s, and was with the corporation at all times relevant herein.

3. Astrolabe, Inc. ["Astrolabe"], is a publishing company specializing in astrological products and supplies, specifically including computer software programs, developed by Astrolabe, Inc. and other authors with whom contractual

1

relationships have been created since the 1970s through the present.

4.     In or about 1992, Astrolabe was approached by the defendants, and asked to publish and distribute certain software developed and being developed by the defendants.

5.     The defendants are all residents of Australia, having a usual and ordinary principal place of business located in Magill, Australia.

6.     After preliminary communications, defendant Graham Dawson, one of two principals in Esoteric Technologies Pty., Ltd. ["Esoteric"], traveled from Australia to plaintiff's place of business in Brewster, Massachusetts in or about February 1993, to demonstrate their software product, entitled "Solar Fire", which was then approaching its second version (Version 2).

7.     After this meeting, the plaintiff Astrolabe and defendant Esoteric negotiated and executed, on May 31, 1993, a publishing contract, a copy of which is attached hereto, pursuant to which Astrolabe became the exclusive (with the exception of Australia and New Zealand) world-wide publisher and distributor for "Solar Fire" on defendants' behalf, in consideration of which Astrolabe agreed to tender payment of royalties in the amount of twenty-five (25%) of sales of the product, each month.

8.     Prior to this time, Astrolabe had published and distributed its own software product, which provided substantially similar services to those provided by "Solar Fire", albeit not in a "Windows" format, and instead in "DOS". Indeed, many of the features and services contained in "Solar Fire", both in Version 2 and subsequent upgrades up to and including the current Version 5, contains

2

design elements derived from Astrolabe's original and ongoing astrological expertise.

9.     After execution of the contract, Astrolabe gradually terminated its publication and distribution of its own DOS-software product, as Windows became more prevalent in the marketplace for computer operations.

10.    Since 1993, Astrolabe has earned gross revenues in amounts varying from $450,000 to $680,000, of which today, some eighty (80%) percent of which are attributable to sales of "Solar Fire".

11.    Astrolabe typically pays royalties in an amount of approximately $9,000.00 per month to Esoteric.

12.    The contract between the parties granted to Astrolabe exclusive rights to copyright and publish the software during the life of the copyright, and Astrolabe has taken appropriate steps to do so.   The contract contains no termination date, and is renewable at Astrolabe's option.

13.    Astrolabe has fulfilled its obligations under the contract, and is entitled to remain the exclusive publisher and distributor of "Solar Fire," outside of Australia and New Zealand.

14.    Additionally, Astrolabe was granted a right of first refusal by Esoteric in any other software products it developed, however, Esoteric has failed and refused to provide Esoteric with such rights of first refusal, in violation and breach of the contract terms.

15.    In or about June 2001, Esoteric decided, without justifiable legal cause, to unilaterally seek to terminate its contract with Astrolabe, and seeks, in

3

its stead, to force Astrolabe to enter into a world-wide, non-exclusive license to distribute Esoteric software, including but not limited to "Solar Fire". Further, upon information and belief, Esoteric has sold its software to others for publication and distribution in violation and breach of the Astrolabe-Esoteric contract, resulting in damages and lost revenues by Astrolabe.

16.   Astrolabe is a small Massachusetts corporation, with nine (9) employees.

17.   Esoteric has no justifiable legal grounds to terminate the parties' contract, and, to the extent that it asserts Astrolabe may have breached the contract, this presents a question of fact to be determined at trial.

18.   The contract provides that it shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

19.   Defendant Esoteric deliberately came into the Commonwealth and contracted with Astrolabe, a Massachusetts corporation, for the purpose of having Astrolabe publish and distribute its software product.

20.   All such distribution and publication of Esoteric's software has taken place within and from the Commonwealth of Massachusetts.

21.   Esoteric is subject to personal jurisdiction under the laws of the Commonwealth of Massachusetts, specifically including but not limited to the Massachusetts Long-Arm statute, G.L. c. 223A, §2.

22.   Esoteric's attempted termination of the parties' contract is a breach of contract, which, unless enjoined by this Court, will cause substantial and irreparable harm to Astrolabe and its employees, who depend largely upon the

4

sale of "Solar Fire" for its revenues.

23.     Esoteric will not be irreparably harmed if this Court issues an order enjoining it from terminating its relationship with plaintiff pending resolution of this dispute.

24.     Astrolabe has a reasonable likelihood of success on the merits of its claims against Esoteric.

25.     Finally, the contract provides that Astrolabe may withhold royalties otherwise payable to Esoteric in the event of any claim, suit, demand or proceeding relating to claims of diminishment or impairment of Astrolabe's rights under the contract.   Esoteric's efforts to terminate the contract between the parties constitute action by Esoteric seeking to diminish and impair Astrolabe's rights under the contract, which event permits Astrolabe to withhold royalties otherwise due and payable to Esoteric.   Further, Esoteric has a contractual obligation to indemnify Astrolabe for all fees and costs, including attorneys' fees, incurred by Astrolabe in connection with protecting its rights under the contract, and to prevent Esoteric from impairing and diminishing Astrolabe's rights under that contract, in prosecuting this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25th DAY OF JULY 2001.

                                          _____
                                          Patricia L. White, Vice President
                                          Astrolabe, Inc.

5